```
                                                           FILED
                                                      U.S. DISTRICT COURT

     IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH  2008 JAN 17  A 11: 12

                          CENTRAL DIVISION           DISTRICT OF UTAH

                                                     BY:_____
                                                         DEPUTY CLERK
```

|  |  |
|---|---|
| DENNIS K. BEAUCHAINE, | ) |
| Plaintiff, | ) Case No. 2:07-CV-507 DB |
| v. | ) District Judge Dee Benson |
| BUD E. COX et al., | ) **O R D E R** |
| Defendants. | ) Magistrate Judge Samuel Alba |

Plaintiff, Dennis K. Beauchaine, has filed a *pro se* prisoner civil rights complaint.[1] Plaintiff's application to proceed *in forma pauperis* has been granted. Plaintiff now moves for appointed counsel and service of process. He further moves for leave to file an amended complaint and for entry of default judgment.

The Court first considers the motions for appointed counsel. Plaintiff has no constitutional right to counsel.[2] However, the Court may in its discretion appoint counsel for indigent inmates.[3] "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the

---

[1] *See* 42 U.S.C.S. § 1983 (2007).

[2] *See* Carper v. Deland, 54 F.3d 613, 616 (10th Cir. 1995); Bee v. Utah State Prison, 823 F.2d 397, 399 (10th Cir. 1987).

[3] *See* 28 U.S.C.S. § 1915(e)(1) (2007); Carper, 54 F.3d at 617; Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991).

appointment of counsel."[4]

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[5] Considering the above factors, the Court concludes here that (1) it is not clear at this point that Plaintiff has asserted a colorable claim; (2) the issues in this case are not complex; and (3) Plaintiff is not incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motions for appointed counsel.

Second, the Court denies Plaintiff's motions for service of process. These motions are apparently moot as Plaintiff has since asserted he has served the defendants himself.

Third, the Court grants Plaintiff's motion for leave to file an amended complaint. And, finally, Plaintiff's motion for a default judgment is denied. Plaintiff has not shown that his attempt to serve the defendants was effective.

IT IS HEREBY ORDERED that:

---

[4]*McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[5]*Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); accord *McCarthy*, 753 F.2d at 838-39.

(1) Plaintiff's requests for appointed counsel are DENIED, (see File Entry #s 4 & 17); however, if, after the case is fully screened, it appears that counsel may be needed or of specific help, the Court may ask an attorney to appear pro bono on Plaintiff's behalf.

(2) Plaintiff's motions for service of process are DENIED as moot. (See File Entry #s 5 & 14.)

(3) Plaintiff's motion for leave to file an amended complaint is GRANTED. (See File Entry # 9.)

(4) Plaintiff's motion for default judgment is DENIED. (See File Entry # 15.)

DATED this 16th day of January, 2008.

BY THE COURT:

DEE BENSON
United States District Judge